Michael A. Siddons
Attorney ID #017592008
The Law Firm of Michael Alan Siddons, Esquire
230 N. Monroe Street
PO Box 403
Media, PA 19063
Tel: 484-614-6546
msiddons@siddonslaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
TRENTON VICINAGE**

| | | |
|---|---|---|
| CAROL DEPINTO, | : | |
| Plaintiff, | : | Civil Case No.: 2:19-cv-240 |
| vs. | : | |
| AMERICAN WATER WORKS COMPANY, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>PLAINTIFF'S COMPLAINT</u>**

Plaintiff, CAROL DEPINTO ("Plaintiff"), through her attorneys, alleges the following against Defendant, AMERICAN WATER WORKS COMPANY, INC. ("Defendant"):

**INTRODUCTION**

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. § 227, et seq. ("TCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 1331 and 1337.

3. This court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

4. Venue and personal jurisdiction in this district are proper because Defendant does or transacts business within this district, and a material portion of the events at issue occurred in this district.

## PARTIES

5. Plaintiff is a natural person residing in Leonardo, Middleton Township, Monmouth County, State of New Jersey.

6. Plaintiff is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

7. Defendant is, and at all times mentioned herein, a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant is a Delaware business corporation and water utility with its headquarters in Voorhees Township, Camden County, State of New Jersey.

9. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. Defendant is attempting to collect a debt allegedly owed by Plaintiff, which Plaintiff does not owe.

12. Defendant is attempting to collect on a debt from Plaintiff, which was allegedly incurred by Plaintiff's deceased mother, Helen Zitic.

13. In the past four (4) years of Plaintiff filing this Complaint, specifically in or around July 2018, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

14. Defendant calls Plaintiff on Plaintiff's cellular telephone at 732-757-6128 in an attempt to collect the alleged debt.

15. Defendant calls Plaintiff from several telephone numbers, including 877-230-0718, which is one of Defendant's telephone numbers.

16. On several occasions since Defendant began calling Plaintiff, Plaintiff spoke with Defendant's collectors.

17. During the above-referenced telephone conversations, Plaintiff told Defendant to stop calling her.

18. Despite Plaintiff's request for the Defendant to stop calling her, Defendant continued to call Plaintiff unabated.

19. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

20. Defendant has never had Plaintiff's prior express consent to call her cellular telephone with an automatic telephone dialing system.

21. Even if Defendant somehow had Plaintiff's consent, such consent was revoked as described above.

22. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

23. Within four (4) years of Plaintiff filing this Complaint, Defendant used an automatic

telephone dialing system to call Plaintiff's cellular telephone.

24. When Plaintiff answered Defendant's calls, she was sometimes greeted with "dead air" whereby no person was on the other end of the line.

25. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

27. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

28. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

29. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

30. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

31. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

32. Within four (4) years of Plaintiff filing this Complaint, Defendant left pre-recorded voicemail messages for Plaintiff on Plaintiff's cellular telephone.

33. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

34. The dead air that the Plaintiff may have experienced on the calls that she received is indicative of the use of an ATDS.  This "dead air" is commonplace with autodialing and/or

predictive dialing equipment. It indicates and evidences that the algorithm(s) being used by Defendant's autodialing equipment to predict when the live human agents are available for the next call has not been perfected and/or has not been recently refreshed or updated. Thus, resulting in the autodialer placing a call several seconds prior to the human agent's ability to end the current call he or she is on and be ready to accept the new connected call that the autodialer placed, without human intervention, to Plaintiff. The dead air is essentially the autodialer holding the calls it placed to Plaintiff until the next available human agent is ready to accept them. Should the calls at issue been manually dialed by a live human being, there would be no such dead air as the person dialing Plaintiff's cellular telephone would have been on the other end of the call the entire time and Plaintiff would have been immediately greeted by said person.

35. As a result of Defendant's alleged violations of law by placing these automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;
   b. Electronically intruding upon Plaintiff's seclusion;
   c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;
   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone; and
   e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

36. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an

automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, CAROL DEPINTO, respectfully requests judgment be entered against Defendant, AMERICAN WATER WORKS COMPANY, INC. for the following:

37. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

38. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

40. Any other relief that this Honorable Court deems appropriate.

DATED:  January 8, 2019

RESPECTFULLY SUBMITTED,


By: /s/ Michael A. Siddons
      Michael A. Siddons
      Attorney for Plaintiff